| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Alicia Joneja,

    Plaintiff,

v.

Officers Heather Sterzinger and
Sundiata Bronson, in their
official and individual capacities
as police officers for the
City of Minneapolis,

    Defendants.

Court File No.:

**COMPLAINT AND
JURY DEMAND**

    The Plaintiff, Alicia Joneja n/e/e/ Hauge, for her cause of action, states and alleges as follows:

    1. This is an action for money damages for injuries sustained by Plaintiff as a result of the violation of her constitutional rights by the Defendants in their official and individual capacities as Minneapolis police officers. The Defendants' conduct violated Plaintiff's well-settled civil rights while acting under the color of state law. Defendants' conduct also violated the common laws of the State of Minnesota.

    2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3), as well as the common laws of the State of Minnesota.

## PARTIES AND VENUE

    3. Because all of the facts complained of arose in Hennepin County, Minnesota, this action properly lies in Hennepin County District Court.

4. At all times relevant to this action, Plaintiff was and is a citizen of the United States and a resident of Minnesota. Plaintiff is of the age of majority. At all times relevant to this action, Defendants were duly appointed officers of the City of Minneapolis.

## FACTUAL ALLEGATIONS

5. On the evening of June 22, 2012, Plaintiff Alicia Joneja went out for dinner and drinks with a group of friends to celebrate her upcoming wedding.

6. At approximately 11:30 p.m. Ms. Joneja and a few close friends returned to the downtown apartment of one of the friends.

7. Shortly thereafter, Ms. Joneja got a cab home to the downtown loft which she owned with her then-fiancé, now-husband.

8. After entering the foyer to her building, Ms. Joneja realized that she did not have her keys. She attempted to call her fiancé several times to let her in, but he was already asleep.

9. Ms. Joneja then sat down in her foyer, and eventually fell asleep.

10. In the early morning, one of Ms. Joneja's neighbors found her asleep in the foyer and called 911 out of concern for her.

11. The Defendants arrived along with paramedics. After a paramedic confirmed Ms. Joneja had a pulse, Defendant Sterzinger attempted to wake her with a pain-compliance technique.

12. At the same time, one of the paramedics handed Ms. Joneja's wallet to Defendant Bronson, who immediately began going through it. The Defendants either did not notice, or ignored the fact that Ms. Joneja's driver's license showed that she lived at the address at which they found her.

13. When Ms. Joneja awoke, she was clutching one of her shoes. As it fell from her hand and landed innocuously on the ground, Defendant Sterzinger delivered a knee strike to her torso,

grabbed her by the hair, and drove her head into the wall.

14. While Defendant Sterzinger held Ms. Joneja down, she slammed Joneja's head into the concrete floor. Sterzinger then cuffed on of Joneja's hands.

15. Defendant Sterzinger then dragged Ms. Joneja out of the foyer by the cuff that was latched around one of her wrists. This tore Ms. Joneja's shoulder from its socket. Ms. Joneja cried out "What's happening? What are you doing to me? You're hurting my shoulder!" As Sterzinger recklessly and maliciously dragged Joneja from the foyer, Joneja also sustained a laceration to her leg. The scar persists to this day.

16. Outside, but still on Ms. Joneja's property, Sterzinger pinned her back down, delivered another knee strike, got a good hold of her hair, slammed her head into the concrete again, and then set about finishing the hand-cuffing of Ms. Joneja. Defendant Bronson came and assisted with this.

17. As Sterzinger began to drag Ms. Joneja by the cuffs, she stood up and attempted to walk to the squad car voluntarily, but Sterzinger insisted on dragging Ms. Joneja down the concrete stairs by the cuffs, thus exacerbating the shoulder injury. When she was finally allowed to walk, Sterzinger pinned Joneja's arms behind her back in such a way as to further exacerbate the shoulder injury she had caused moments before.

18. As Defendant Sterzinger placed Ms. Joneja in the squad car, she intentionally pulled Ms. Joneja's jumper down so that her breasts were exposed to the public. As this happened, Defendant Bronson inquired, "Are you sure we should be doing this?"

19. Ms. Joneja had contusions on her arm, neck and torso. She also suffered a lasting shoulder injury that still limits her range of motion, as well as a laceration to her leg. As a result, Ms. Joneja missed two weeks of work and had to pay a local criminal defense lawyer to get her

disorderly conduct charge dismissed.

## COUNT 1 – EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. 1983

Plaintiff re-alleges paragraphs 1-19 and further states:

20. Defendants violated Ms. Joneja's clearly established rights by using excessive and unreasonable force against a compliant, unarmed civilian who was not the legitimate suspect of any criminal activity and who was at her home address when the Defendants were called to do a welfare check. These actions constitute unreasonable search and seizure and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States as well as the Minnesota Constitution.

21. As a direct and proximate result of the Defendants' illegal actions, Plaintiff suffered a deprivation of her bodily integrity and property, as well as pain, suffering, mental anguish and humiliation, as well as pecuniary loss and property damage.

Plaintiff demands relief as set forth below.

## COUNT 2 – FALSE ARREST IN VIOLATION OF 42 U.S.C. 1983

Plaintiff re-alleges paragraphs 1-21 and further states:

22. Defendants violated Ms. Joneja's clearly established rights by arresting and detaining her without arguable probable cause. These actions constitute unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States as well as the Minnesota Constitution.

23. As a direct and proximate result of the Defendants' illegal actions, Plaintiff suffered a deprivation of her liberty and property, as well as pain, suffering, mental anguish and humiliation, as well as pecuniary loss and property damage. Ms. Joneja also had to hire a lawyer to get the disorderly conduct charge that she had been tab-charged with dismissed.

29. By detaining Ms. Joneja against her will and without claim to legal authority, Defendants did falsely imprison Plaintiff within bounds determined by Defendants.

30. As a direct and proximate result of the false imprisonment, Plaintiff suffered physical discomfort, mental anguish and humiliation and pecuniary loss and a loss of liberty.

31. Defendant City of Minneapolis is jointly and severally liable for the actions of the individual Defendants under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment by a jury of her peers against the Defendants as follows:

a. awarding Plaintiff compensatory damages against Defendants, and each of them, jointly and severally, in an amount in excess of $500,000;

b. awarding Plaintiff punitive damages on all claims;

c. awarding Plaintiff all of her costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. § 1988;

d. reserving Plaintiff the right to amend her complaint;

e. granting such other relief as the Court may deem just and equitable.

Dated: 5/13/13

Andrew M. Irlbeck (392626)
Paul Applebaum (223098)
First National Bank Building
332 Minnesota Street, Suite W-1610
Saint Paul, Minnesota 55101
(PH) (651) 222-2999
(FAX) (651) 223-5179

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE § 549.211

The party represented by the undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Dated: 5/13/13

ANDREW M. IRLBECK

*[signature]*

Andrew M. Irlbeck (392626)